**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NAZ, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:    17-02882** |
| **PHILIPS HEALTHCARE** | **SECTION: "F" (4)** |

<u>**ORDER**</u>

Before the Court is a **Motion for Leave to Intervene (R. Doc. 96)** filed by United National Insurance Company. The motion is opposed. R. Docs. 97, 98. The motion was heard on the briefs.

I.    <u>**Background**</u>

The instant litigation arises from the purchase of allegedly faulty MRI equipment by a medical facility, the manufacturer's allegedly shoddy installation and service of the MRI equipment, as well as the failure to provide the purchaser with the hardware and software components that should have been delivered when the MRI equipment was installed. Plaintiffs in the action are the owner and operational entity of a medical facility that treat patients who undergo diagnostic testing. The principal of the Plaintiff is Dr. Morteza Shamsnia, who purchased an Ingenia 3.0T Omega MRI machine from defendant Philips Healthcare.

Plaintiffs allege that Philips marketed its product with promises and representations that the MRI package was suited to achieve the purposes of Dr. Shamsnia. The parties negotiated in an attempt to reach an agreement as to the sale terms and conditions as well as the services, instructions, and recommendations by Philips. Philips delivered the MRI prior to the completion of the negotiations and the Plaintiffs agreed to follow the recommendation of the experts, engineers, and installers.

On December 22, 2014, Plaintiffs state that they were informed by Philips that the machine was safe for patient use and began using it believing it to be safe. On January 13, 2015, it was discovered that the MRI machine had moved several inches and Philips engineers ordered a "de-energizing" of the MRI which involved the release of helium through a vent in the roof. However, two days later it was discovered that rainfall had entered the opening in the roof due to the allegedly carelessly executed quenching process of the MRI, which caused the Plaintiffs to pay $850,000 to repair the damage to the building. Plaintiffs allege they spent more time and money to repair the problems caused by Philips and the MRI equipment was not activated until April 2016. During this time the Plaintiffs contend they discovered the computer software and hardware that was central to the agreement to purchase the machine from Philips was not installed. After being unable to resolve their differences, the Plaintiffs filed the instant suit asserting claims of gross fault and breach of contract claims and seeking damages.

The instant motion was filed by United National Insurance Company ("UNIC") seeking leave of the Court to intervene as a plaintiff. R. Doc. 96. UNIC provides an insurance policy to Naz. UNIC states that on December 17, 2015, eleven months after the incident in which water allegedly entered the roof and damaged the facility Naz submitted an insurance claim stating a rain storm damaged the roof and allowed water in damaging the facility. It states Naz changed its story on March 25, 2016, when Dr. Shamsnia told UNIC's adjuster that Philips' improper quench of the MRI caused the opening in the roof. *Id.*

UNIC states that in a separate action is this District Court, Civil Action No. 17-05697, Naz alleges that UNIC owes it coverage under the insurance policy it provided for the alleged damage to the facility caused by water entering the roof as well as breach of insurance contract, misrepresentation, breach of good faith fair dealing, and damages. *Id.* at pp. 2-3. UNIC argues that

it has not made a payment under the insurance claim out of a good faith belief coverage exclusions apply and that Naz never provided UNIC with the supporting documentation about alleged repairs made to the building after the quench incident. Further, UNIC states it was not until April 6, 2018, that Naz provided UNIC with some checks, receipts, and invoices allegedly supporting Naz's request for reimbursement under the policy for repairs done in 2015 and 2016.

UNIC filed a third-party impleader claim against Philips in Civil Action No. 17-05697 to protect its subrogation rights. On April 4, 2018, Judge Milazzo granted Philips's motion to dismiss UNIC because: (1) it would require that court to hear the tort claims of Naz against Philips in addition to Naz's claims against UNIC; (2) UNIC's third-party claim involved different evidence such that it would unnecessarily complicate the litigation; and (3) Naz's claims against Philips were pending before Judge Feldman such that hearing evidence against Philips in a separate action would result in two separate trials on the same claims. Civil Action No. 17-05697, R. Doc. 44.

UNIC argues that it should be permitted to intervene as of right because the motion is timely, it has an interest in the subject of the action, the disposition of the action may impair or impede its ability to protect that interest, and its interest are inadequately represented by the existing parties in the suit. R. Doc. 96-2, pp. 5-13. Alternatively, UNIC argues it should be allowed to permissively intervene because the motion is timely, its claim and the main action have common questions of fact, and the Court should grant the motion because the intervention will cause no delay nor destroy subject matter jurisdiction as well as foster judicial economy by preventing piecemeal litigation. *Id.* at pp. 13-16.

The motion is opposed by the Plaintiffs and Defendant. R. Docs. 97, 98. Philips argues that UNIC has not satisfied the requirements for intervention of right. Philips also opposes permissive intervention because it would not serve judicial economy and UNIC's subrogation claims could

only accrue once payment is made making the intervention premature. R. Doc. 97. Plaintiffs argue that the motion should be denied as UNIC cannot establish the factors required for intervention of right. R. Doc. 98.

## II.    <u>Standard of Review</u>

### A.    <u>Intervention of Right</u>

Federal Rule of Civil Procedure 24(a) governs intervention as of right. Rule 24(a) requires that on a timely motion the court must permit anyone to intervene who either is given an unconditional right to intervene by a federal statute or who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

While the movant in a motion to intervene, "bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (internal quotation marks omitted) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)). The inquiry made under Rule 24(a) is considered a "flexible one" and is meant to be measured by a "practical rather than a technical yardstick." *Entergy Gulf States La, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (internal citations omitted) (quoting *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996)). Finally, because Rule 24(a) is to be liberally construed any doubts are to be "resolved in the favor of the intervenor." *Id.* (internal citations omitted) (quoting *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009)).

When the movant does not have an "unconditional right" under a federal statute, the movant must instead satisfy a four part test:

4

(1) the application ... must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Wal-Mart Stores, Inc.*, 834 F.3d at 565 (quoting *Texas*, 805 F.3d at 657).

Finally, the Fifth Circuit has delineated four factors that are particularly relevant when considering the timeliness of a motion to intervene:

(1)The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 588 F.2d 257, 264-66 (5th Cir. 1977)) *See also In re Lease Oil Antitrust Litig.,* 570 F.3d at 247–48. However, "[t]hese factors are a framework and not a formula for determining timeliness." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (internal quotation and citation omitted). Rather, "[t]he analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club*, 18 F.3d at 1205.

## B. Permissive Intervention

Federal Rule of Civil Procedure 24(b) governs permissive intervention. Rule 24(b) states that on a timely motion the court may allow anyone to intervene who is given a conditional right to do so by federal statute or has a claim or defense that shares with the main action a common question of law or fact. Further, "[e]ven if not warranted as a matter of right, the Court has broad discretion to allow permissive intervention where…the parties seeking to intervene assert claims with a common question of fact or law in connection with the main action." *Hanover Insurance*

*Co. v. Superior Labor Services, Inc.*, 2016 WL 1393388, at *5 (E.D. La. 04/08/2016) (Morgan, J.). When exercising its discretion in determining whether to grant a motion to intervene, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Accordingly a court should, "consider whether permissive intervention will achieve judicial economy." *Id*. The purpose of the intervention rule is to "prevent multiple lawsuits where common questions of law or fact are involved." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994)

## II.    Analysis

### A.    Intervention of Right

UNIC argues that it has satisfied the four-part test required for intervention of right. The four factors that UNIC must satisfy are that: (1) it has an interest in the action; (2) the intervention is timely; (3) it must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) its interest must be inadequately represented by the existing parties to the suit.  Failure to meet any of the four elements is fatal to intervention of right. *Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978).

### Interest in the Case

UNIC argues that it has a direct, substantial, and legally protected interest related to the issues that form a basis of the lawsuit. UNIC states the policy provided to Naz specifically provides for subrogation rights and in the event that UNIC is responsible to Naz under the policy UNIC has a legally protectable interest to recover any amounts it is deemed responsible to pay due to the fault of Philips.

Philips argues that UNIC does not have a legally protectable interest because insurers are deemed to be the real party in interest when they become subrogated to the rights of their insured

after payment of the loss, however, because UNIC has not paid on the insured's claim it is not a real party in interest. According to Philips, until UNIC makes a payment it is not yet subrogated to Naz's rights and any subrogation interest that might accrue is purely speculative until UNIC makes a payment.

Plaintiffs argue that UNIC does not have a direct interest because without the issue of coverage being decided UNIC's subrogation rights cannot create a direct interest and they have alleged that their interest is nothing more than a general preference in the outcome of the litigation, namely whether Naz is found to be at fault, which is not sufficient to intervene.

The Fifth Circuit has noted that the interest required to intervene as of right is a "direct" interest and that an interest is not direct when it is contingent on the outcome of a subsequent lawsuit. *Ross v. Marshall*, 456 F.3d 442, 443 (5th Cir. 2006) (referencing *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.,* 725 F.2d 871 (2d Cir.1984); *Travelers Indemnity Co. v. Dingwell,* 884 F.2d 629 (1st Cir.1989)).

To show an interest relating to the subject matter of this action, UNIC must demonstrate it has "a direct, substantial, legally protectable interest in the action, meaning 'that the interest be one which the *substantive* law recognizes as belonging to or being owned by the applicant.' " *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 250 (5th Cir. 2009) (quoting *Cajun Elect. Power Coop. v. Gulf States Utils., Inc.*, 940 F.2d 117, 119 (5th Cir.1991)). UNIC must show that it "has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir.2015).

UNIC's motion specifically states that "[i]n the event it is determined in *Naz v. UNIC* that UNIC is responsible to Naz under the policy, UNIC has a direct, substantial and legally protectable interest to recover any amounts it is deemed responsible to pay due to the fault of Philips." R. Doc.

96-2, p. 9. UNIC cites to *Heitman v. Sunbeam Products, Inc.*, 2015 WL 5025445 (W.D. La. Aug. 19, 2015) for the instance of an insurer entitled to intervene as a matter of right to protect its subrogation interests. However, in *Heitman* the insurer seeking to intervene made payments under the policy. As that court noted, "Subrogation generally takes place after insurance proceeds have been paid out and the insurance company, substituting itself in place of the insured, seeks reimbursement from a third-party." *Heitman*, 2015 WL 5025445 at *3 (quoting *Arana v. Ochsner Health Plan,* 352 F.3d 973, 978–79 (5th Cir. 2003)).

UNIC does not state that it has made a payment in this matter such that the subrogation provision in its insurance contract is triggered. Further, both Naz and Philips in their opposition indicate that no payments by UNIC have been made. As such, the Court finds that UNIC has not established a direct, substantial, and legally protectable interest to merit intervention as of right. Further, Failure to meet any of the four elements is fatal to intervention of right. *Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978). As such, the court denies the motion with respect to intervention of right.

### B. Permissive Intervention

Rule 24(b) provides that courts may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. "Even if not warranted as a matter of right, the Court has broad discretion to allow permissive intervention where…the parties seeking to intervene assert claims with a common question of fact or law in connection with the main action." *Hanover Insurance Co*, 2016 WL 1393388, at *5 (quoting *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 186, No. 15–34, 2016 WL 554830, at *6 (E.D. Va. Feb. 9, 2016)). As this Court has previously stated, "A court possesses the discretion to determine whether to permit permissive intervention and must 'consider whether the intervention will unduly

delay or prejudice the adjudication of the rights of the original parties.'" *Waste Mgmt. of La., LLC v. River Birch, LLC*, 2013 WL 5175620, at *3 (E.D. La. Sept. 12, 2013) (quoting Fed. R. Civ. P. 24(b)). The rule on permissive intervention should be liberally construed by the court. *Hanover Insurance Co*, 2016 WL 1393388, at *5.

UNIC argues that it should be allowed to permissively intervene as it is seeking to protect its subrogation interest that may be triggered, the intervention would not delay the adjudication of the original parties' rights, and would serve judicial economy by allowing all parties to be heard in this matter because otherwise there is a threat of piecemeal litigation, inconsistent results, and prejudice to UNIC.

Naz does not address permissive intervention in its opposition. However, Philips opposes permissive intervention arguing that: (1) it will be disruptive, burdensome, and prejudicial to the parties; (2) could thwart a settlement between NAZ and Philips because the assertion of coverage issues and subrogation claim would encumber the main parties; (3) the claims here are distinct from those in *NAZ v. UNIC*; (4) coverage issues will result in protracted proceedings and burdensome discovery; (5) inconsistent results are not an issue as the subrogation claim can only accrue once payment is made; and (6) judicial economy is not served as UNIC would be litigating the same issues in two cases.

The Court, exercising its sound discretion finds that permissive intervention should not be granted at this time. The complaint in intervention specifically states that, "[i]n the event it is determined that coverage is owed to Naz under the UNIC policy, or if UNIC pays amounts…UNIC is entitled to assert full subrogation rights against Philips." R. Doc. 96-4. The Court finds that at this time UNIC has no interest in this litigation such that its intervention should be permissively allowed. Until there is either a payment or a determination that coverage is owed the intervention

9

is premature. Further, should the *Naz v. UNIC* action result in UNIC not owing coverage it would then have zero interest in this litigation making any intervention and the actions resulting from it purely a burden on the interested parties and the Court. It also does not serve judicial economy to have a party whose interest has not yet accrued being actively involved in a discovery process already fraught with significant motion practice and vast amounts of production. The Court, therefore, finds that the permissive intervention by UNIC is denied.

## IV.    <u>**Recommendation**</u>

Accordingly,

**IT IS ORDERED** that United National Insurance Company's **Motion for Leave to Intervene (R. Doc. 96)** is **DENIED.**

New Orleans, Louisiana, this 22<u>nd</u> day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**