UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAZ, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-02882** |
| **PHILIPS HEALTHCARE** | **SECTION: "F" (4)** |

## ORDER

Before the Court is the Plaintiffs' **Motion to Compel Discovery or Alternatively, for More Complete Supplemental Privilege Log (R. Doc. 65)** seeking the production of documents identified on Defendant's privilege log after an *in camera* review to determine privilege, or in the alternative, the production of a more complete supplemental privilege log.

The Defendant opposes the motion contending that it is meritless and that Plaintiffs have had ample information to review to allow an assessment of privilege claims. Philips contends that the motion should therefore be denied. R. Doc. 66.

**I.  Factual Summary**

  **A. The Claim**

Naz, LLC ("Naz"), is the owner of a medical facility in Metairie, Louisiana that purchased an Ingenia 3.OT MRI from Philips Healthcare ("Philips") to provide higher quality MRI images and expand research into various diseases. R. Doc. 1. Although the machine was delivered, a dispute arose about the timing of the delivery of the MRI machine, the financing, the appropriateness of the machine for the physical location, and its functionality. *Id.* According to Naz, it only provided a conditional acceptance and agreed to the delivery of the machine subject to the machine being financed at a rate of 3.9%. Philips contends that there was a meeting of the minds as NAZ accepted the terms and conditions including the price of the machine. The parties do agree that Naz expressed concern over the financing of the MRI machine. After not being able

to resolve their differences, plaintiff filed the subject suit against Philips asserting claims of breach of contract and redhibition. *Id.*

**B. Discovery**

In August 2017, Naz propounded Plaintiff's First Requests for Production on Philips who responded, but did not provide a privilege log until November 17, 2017. The log included 513 email communications that were purportedly privilege. R. Doc. 65-1. Plaintiff objected to the sufficiency of the original privilege log for lack of adequate descriptions, failure to identify parties listed on the communications, and failure to identify the alleged counsel's communications. After a meet and confer conference, Philips submitted a supplemental privilege log and identified 36 additional documents as privileged, but did not address any of the other concerns identified by Naz. *Id.* Naz contends that it was not until December 12, 2017 that Philips provided information about certain individuals listed on the log. Other people are included in the emails, but not identified on a legend.

Naz filed the instant motion contending that Philips withheld no fewer than 549 communications, emails, and email attachments. Naz contends that included on the privilege log are Philips documents reflecting: (1) communications between Philips's employees during the continued contract negotiations for the re-build of the MRI machine which pre-dated the litigation; (2) documents related to Philips engineers who were responsible for installing the machine; and (3) communications from third-party, PMC, employees.

Naz argues that Philips's descriptions are inadequate to aid in a determination whether the subject matter of the communications are actually privileged and alternatively that if protected Naz's substantial need for the communications required the production of the documents.

Philips contends that the claim that the privilege log is deficient is meritless, the inclusion of PMC employees does not destroy privilege, and Naz does not have a substantial need for the requested information. R. Doc. 66. Philips also contends that it has produced approximately 8,500 pages of documents and emails to Naz and has propounded over 50 subpoenas to third-parties which have been provided to Naz. *Id.* Philips further contends that while Naz says that Philips withheld 549 pages of communications, its motion only cites to 64 documents that were redacted. *See* R. Docs. 65-3, 66.

The matter was heard with oral argument on January 24, 2018. After listening to the arguments of the parties, the Court ordered that: (1) counsel agreed that previously redacted information will be produced without redactions subject to the protective order; (2) defense counsel was required to modify its privilege log to include columns for individuals who either directly or by copy received the communications; and (3) the Court required the defendant to produce a legend identifying every person my name. R. Doc. 77.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

### III. Analysis

#### A. Failure to Adequately Identify Communication Recipients

Naz contends that the original privilege log failed to contain a legend identifying the job titles, job descriptions, and employers of the recipients' communications. It alleges that while some of the senders or recipients of the claimed communications or their attachments have been identified, the legend does not identify *every* recipient. Naz contends that having this information is relevant and necessary for a proper assessment of privilege. Naz further contends that the log contains no less than 44 different individuals involved in the claimed communications, but provides no explanation of their role in the company or whether they are from a third-party, namely PMC.

Philips contends that while the titles were not on the privilege log, the emails themselves contained the full names and in most cases the signature blocks of the sender. As an example, Philips included redacted emails that showed the sender's identification and title.

During the hearing on the matter, the Court considered the issue of completeness of the privilege log. In so doing, it found that the log was not complete as it did not identify individual's titles and the Court ordered Philips to provide the titles for each sender and recipient identified in the privilege log. Since the hearing Philips has complied with the courts instruction regarding this issue. Therefore the issue is moot.

#### B. Sufficiency of the Log's Description

Next, Naz contends that the description of the information contained in the documents identified on the privilege log is vague, which prevents an assessment of whether the actual contents of the documents are privileged. Naz points out that the case law requires a specific explanation of why the document is privileged or immune from discovery. For example, Naz

points to a description "Correspondence re: Litigation" as being obviously deficient in that there is no specific explanation setting forth why the document should not be produced. R. Doc. 65-1.

Philips contends that its log is sufficient. Philips contends that the log identifies the particular privilege asserted and also a description of the conversation taking place. Further, Philips contends that it actually produced emails albeit redacted. It also states that several of the redacted emails were actually listed multiple times on the privilege log because the privileged conversation continued through the email chain and every link in the chain was produced under a separate cover. *See* R. Docs. 65-3, 66.

A review of the log indicates that it is insufficient. A quick review of the log shows that a common description is "Discussion regarding Advanced Diagnostic." This description is so generalized that it is impossible to ascertain the subject matter of the topic. However, this problem is immaterial in light of the fact that the emails identified on the privilege log were produced in a redacted form. Therefore, while the log is not the most descriptive, the Court finds that this issue is also moot because the emails were produced in redacted form. Next, the court will give consideration to whether the redactions which are intended to protect conversations protected by attorney client or work product doctrine were appropriate.

### C. <u>Privilege or Not Privileged?</u>

State law applies to considerations of attorney client privilege in a diversity case such as this, where Naz is a Louisiana corporation and Philips is a Delaware corporation. *Dunn v. State Farm & Casualty Co.*, 927 F.2d 869, 875 (5th Cir. 1991). Louisiana attorney-client privilege law is codified at Louisiana Civil Code of Evidence Article 506. It provides that a client has the privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication whether oral, written, or otherwise, made for the purpose of facilitating the

rendition of professional legal services to the client. La. Code of Evid. Art. 506(B). A "confidential communication" is not intended to be disclosed to anyone other than "[t]hose whom disclosure is made in furtherance of obtaining or rendering professional legal services for the client." La. Code of Evid. Art. 506(A)(5)(a).

In Louisiana, confidential communications between the following individuals are privileged: (1) between a client or a representative of the client and the client's lawyer or a representative of the lawyer; (2) between the lawyer and a representative of the lawyer; (3) by the client or his lawyer, or a representative of either, to a lawyer, or representative of a lawyer, who represents another party concerning a matter of common interest; (4) between representatives of the client or between the client and a representative of the client; (5) among lawyers and their representatives representing the same client; and (6) between representatives of the client's lawyer. La. Code of Evid. Art. 506(B).

A "representative of a client" is defined as: (1) a person with the "authority to obtain professional legal services, or to act on advice so obtained, on behalf of the client;" or (2) a person "who makes or receives a confidential communication for the purpose of effectuating legal representation for the client, while acting in the scope of employment for the client." La. Code of Evid. Art. 506 (A)(2).

Philips properly designated the following emails a privileged:

1. Email dated August 17, 2016 at 11:05 a.m. from Joe Conklin seeking a legal opinion from Michael Lapin, In-House Counsel. Bates Identification, Philips Production 0004173.

2. Email dated August 18, 2016 from Joe Conklin, Zone Sales VP for Philips Healthcare, and the portion time stamped 8:31 a.m. is not privileged but the remainder of the string

communication time stamped 6:41 p.m. from Michael Lapin and Joe Conklin dated Wednesday, August 17, 2016, 1:22 p.m. are privileged. Bates identification Philips Production 0004176-0004177.

3. Email by Michael Lapin, legal counsel for Philips, time stamped 2:18 p.m. on Wednesday August 17, 2016. Bates Identification, Philips Production 0004196.

4. Email sent by Joe Conklin dated Wednesday, August 17, 2016 11:01 a.m. is appropriately designated as privileged because it is between the Client Philips along with other company representatives and is of a nature that seeking legal advice. Bates Identification, Philips Production 0004217, 0005479.

5. Email communication by Joe Conklin, Vice President, Healthcare Sales, South Zone at Philips Healthcare to Ken Milner, Lapin and others dated Thursday, August 18, 2016, 9:13 a.m. is appropriately designated as protected as they seek the opinion of Mr. Lapin regarding the prospect of a legal matter. Bates Identification, Philips Production 0004202-0004206.

6. Email dated Thursday August 18, 2016 at 2:20 p.m. by Michael Lapin, Legal Counsel for Philips is a continuation of the conversation that began at 9:13 a.m. on Thursday, August 18, 2016. Bates identification, Philips Production 0004207-0004212, 000513-0005316, 0005317-0005321.

7. Email dated Thursday, August 18, 2016 at 9:31 a.m. by Joe Conklin, Vice President, Healthcare Sales, South Zone at Philips Healthcare token Milner, Philips Medical Capital employee, Aaron Singer-Business Development at Philips Medical Capital, and Tina Ray, Philips Account Executive as it a conversation string seeking language assistance and clarification from counsel. Bates Identification, Philips Production

7

0004661-0004664. The reply to the email from Ken Milner and to Joe Conklin and Michael Lapin with an inquiry of both is also privileged.  Bates Identification, Philips Production 0005305.

8. Email from Ken Milner to Tina Ray, Carl Henneberg, Joe Conklin, Michael Lapin, Scott Silva, Sanjog and Laurie Shinaman dated Tuesday, August 2, 2016 10:14 a.m. Bates Identification, Philips Production 0005463-0005465.

9. Email from Michael Lapin dated Monday, August 29, 2016 at 12:13 p.m. to Tina Ray Account Executive regarding legal advice. Bates Identification, Philips Production 0005522-0005525.

The following are not privileged because although they include in-house counsel as a co-recipient along with at least one other individual, the communications do not seek legal advice:

1. Email dated August 15, 2016 from Ken Milner, Manager of Operations, Bates Identification, Philips Production 0004185.  Email dated August 17, 2016, 10:23 a.m. by Ken Milner, Manager of Operations to various recipients which included in-house counsel but which does not seek legal advice. Bates Identification, Philips Production 004187 and 0005053. The redaction should be removed.

2. Email by Kenneth Miller to Michael Lapin and others dated Wednesday, August 17, 2016, 4:25 p.m. merely seeks confirmation about whether the email was sent to the correct person.  This portion of the email should not be redacted.  The remaining portions of the string that are redacted correctly. Bates Identification, Philips Production 0004199-0004201.

3. Email by Laurie Shinaman the Finance Director: South Zone & GPO to Tina Ray and Carl Henneberg, Wednesday, May 11, 2016 9:01 a.m.  The entirety of this email is not

privileged. Bates Identification, Philips Production 0004625-0004627. Reply from Carl Henneberg, Regional Manager to Tina Ray with cc to Laurie Chinaman, Joe Conklin and Michael Lapin dated Wednesday, May 11, 2016 9:27 AM. Bates identification, Philips Production 0005080. The response is not privileged.

4. Email by Joe Conklin Vice President, Healthcare Sales, South Zone at Philips Healthcare to Tina Ray, Philips Account Executive and Carl Henneberg, Regional Sales Manager for Philips Healthcare, Wednesday, August 24, 2016 3:32 p.m. because it is simply an inquiry. The earlier string response by Michael Lapin to Joe Conklin, and K. Milner with cc to others is not protected because it does not regard a legal opinion and only weighs in on who a sender should be. All remaining parts of this email string are protected. Bates identification, Philips Production 0004665-0004670.

5. Email by Ken Milner, Manager Operations, Philips Medical to Tina Ray, Philips Account Executive and Carl Henneberg Regional Sales Manager for Philips Healthcare, Wednesday, July 27, 2016 3:00 P.M. reporting on the status of the account. It does not seeking legal advice only includes the lawyer as a carbon copy. Bates Identification, Philips Production 0004685.

6. Meeting Request dated June 13, 2016, with the subject MRI Quotation Review involved a telephone conference between the Regional Sales Manager for Philips Healthcare, Carl Henneberg and Sherri Jamison an Executive Assistant at Philips Health care, Peter Richards, the MRI National Sales Director for Philips Healthcare, Jody Spakes an MRI Specialist and Tina Ray, the Account Manager. Attached to the meeting notice is a pdf which is attached with a redacted file name. However given the parties involved in the communication and the subject matter, the Court finds that the document appended to the

9

meeting notice is not privileged and should be produced. Bates Identification, Philips Production 0004764.

7. Meeting Notice dated December 29, 2015 by Laurie Shinaman, South Zone Finance Director who was the organizer. The required attendees are Deal Desk Lead at Philips Healthcare, Nicholas Florkowski, Director of Revenue and Project Management for Philips Healthcare, Julie Gibson, the Installation Director, Carl Henneberg, Regional Sales Manager for Philips Healthcare, Joe Conklin Vice President, Healthcare Sales, South Zone at Philips Health Care, Lazarus Pastrikos, the Director in Revenue Recognition Department, Technical Accounting and Oversight for Philips Healthcare. The meeting was sought to discuss a take-down of revenue and OIT and contained the attachment of two documents whose names were redacted. The Court finds that based upon the participants and subject matter that the documents should be produced. Bates Identification, Philips Production 0004780.

8. Meeting notice dated October 1, 2015 regarding the Philips Medical Contract. The meeting organizer was Laura Shinaman, the South Zone Finance Director and the attendees were Ken Miler of Philips Medical Capital, Andy Singer Business Development at Philips Medical Capital, Scott Silva, the Senior Director of Finance for Philips Medical Capital, Michael Lapin Counsel for Philips, Peter Richards, the MRI National Sales Director for Philips Healthcare, Trey Garrett the Project Manager for Philips Healthcare, Carl Henneberg the Regional Sales Manager for Philips Healthcare and Kane Calmes Service Manager for Philips Healthcare. The Court finds that the content although redacted should not have been for the entire string of communications identified. Bates Identification, Philips Production 0004807-0004811.

9. Email dated Tuesday, December 9, 2015, at 8:04 p.m. from Joe Conklin, Vice President, Healthcare Sales, South Zone at Philips Healthcare to Tina Ray Philips Account Executive, Michael Lapin Counsel for Philips, Laurie Shinaman South Zone Finance Director & Deal Desk Lead at Philips Healthcare with cc's to the Installation Director, the Field Service Manager, the Project Manager, the Service Manager, the Sales Service Specialist the Project Manager and the Regional Sales Manager. The communication was only regarding the timeline and requested contribution to the timeline. The redaction should be removed as the contents are not privileged. Bates Identification, Philips Production 0005014.

10. Email from Todd Johnson Counsel for Philips to Tina Ray Philips Account Executive dated Tuesday, December 8, 2015 6:18 p.m. inquiring about attachments but not revealing content. The earlier string which was forward to Johnson included a question from Michael Lapin which is not privileged. The redacted portions should be removed. Bates Identification, Philips Production 005044.

11. Email from Randall McLain Field Service Engineer to Ken Milner Manager Portfolio Management dated Sunday, May 15, 2016 at 8:37 p.m. regarding the installation of the MRI. Lapin and Shinaman and Henneberg were cc'd on the communication. Bates Identification, 0005211-0005216. This communication involves customer satisfaction, no legal advice is involved. The redactions should be removed. Also the Friday, May 13, 2016, 12:57 p.m. email which is included in the string response of the email referenced on May 15, 2016 should be produced un-redacted. Bates Identification, Philips Production 0005217-0005221, 0005222-0005224, 0005225-0005226.

12. Email response to from Ken Milner to Laura Shinaman, South Zone Finance Director & Deal Desk Lead, Jack Todaro, Director of Installations Peter Richards, MRI National

Sales Director, Scott Silva Senior director of Finance for Philips Medical Capital and Michael Lapin, Counsel for Philips. The email is dated Monday, November 30, 2015 at 10:12 a.m. and is regarding Shamsnia's discontinuance of payment and the servicing of the machine. The redactions should be removed on the email and its string. Bates Identification, Philips Production 0005067-0005076.

13. Email from Tom Lowe, Clinical Service to Vickie Weisgerber Director of MRI Clinical Services at Philips dated Thursday June 1, 2018, 8:17 a.m. with a cc to Greg Weaver, the National Clinical Education Specialist, Bas Retra , Michele Winderl, Senior Manager MR Clinical Services, and Gregory Chech, the Senior Sales Specialist for Philips Healthcare. It answers a question but is not related to either legal advice or work product. Bates Identification, Philips Production 0005393-0005394.

14. Email from Kane Calmes, Service Manager for Philips Healthcare dated Wednesday, May 3, 2017 at 11:09 a.m. to Craig Henderson, Head of Q&R, Guido Hussels, Director of Operations, Client Services and Tina Ray, Philips Account Executive regarding an article in a newspaper. Bates Identification, Philips Production 0005403-0005408.

15. Email from Randall McLain, Field Service Manager dated Tuesday, November 24, 2015 to Ken Milner, Philips Medical Capital and cc'd to others at the company. However, the email only address Dr. Shamsnia's decision, a non-privileged topic. Bates Identification, Philips Production 0005448. The redaction should be removed.

16. Email from Ken Milner dated Thursday, September 8, 2016 7:58 a.m. to Tina Ray, Philips Account Executive, regarding the status of the account. Bates Identification, Philips Production 0005466. The redaction should be removed.

17. Meeting Cancellation Notice dated October 14, 2015 from Laura Shinaman to Michael Lapin, Tina, Ray, Peter Richards, Kane Calmes, Scott Silva, Carl Henneberg, Andy Singer, Julie Gibson, Trey Garrett, Ken Milner, Randall McLain, Jack Todaro, Aaron Brown and John Roe with a request for full participation. Bates Identification, Philips Production 0005571.

18. Email from Trey Garrett, Project Manager dated Thursday, May 28, 2015 at 4:48 p.m. to Stephen Francis discussing the problem with the account including the following string. Bates Identification, Philips Production 0005612-5617.

19. Email from Jack Todaro, Director of Installations dated Thursday, January 28, 2016 to Laurie Shinaman, Carl Henneberg, Tina Ray, Michael Lapin, John Roe, Peter Richards, Sanjog Misra, Scott Silva, Trey Garrett and Randall McLain regarding servicing the product a normal business function. The redaction should be removed. Bates Identification, Philips Production 0006679.

20. Email from Laurie Shinaman South Zone Finance Director to Andy Singer, Ken Milner, Scott Silva, Michael Lapin, Peter Richards, Trey Garrett, Tina Ray, Carl Henneberg, Kane Calmes, Joe Conklin, Gene Fisher, Sherri Jamison and Dee Engel regarding installation of the machine and follow-up. The contents are reflective of normal business operations and customer satisfaction. The redaction should be removed. Bates Identification, Philips Production 0006688.

21. Email from Randall McLain, Field Service Manager to Ken Milner with a cc to Jack Todaro, Peter Richards, Laurie Shinaman, Aaron Brown, John Roe, Trey Garrett, Julie Gibson, Andy Singer, Scott Silva, Carl Henneberg, Michael Lapin, Tina Ray and Kane Calmes containing a status report regarding the sufficiency of the room and status of the

installation which is normal business and follow-up. The redactions should be removed. Bates Identification Philips Production, 0007337-0007344.

22. Email from Carl Henneberg, Regional Sales Manager dated Tuesday, February 24, 2015 to Tray Garrett, the Project Manager and cc'd to Guido Hussels containing an inquiry regarding a template. The redaction should be removed as the items are not privileged. Bates Identification, Philips Production 0007396-0007397.

23. Email from James Brooks, Regional Vice President of Service dated Wednesday, February 25, 2015 at 9:46 a.m. to Trey Garrett, Project Manager, Guido Hussels, and Carl Henneberg, Regional Sales Manager regarding the absence of a document and a make it right campaign which are normal customer relation initiatives. Bates Identification, Philips Production 0007398-0007399, 0008172-0008173, 0008174-0008175.

24. Email from Laura Fivel dated Monday, September 25, 2017, at 8:52 a.m. to Amy Gilchrest, Counsel for Philips, Gert-Jan Lenting, Senior Systems Engineer, and Sue Tedeschi, Director of Q&R, regarding an assembly/part and is not privileged. The redactions should be removed. Bates identification, Philips Production 0007921-0007923.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery or Alternatively for More Complete Supplemental Privilege Log (R. Doc. 65)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS DENIED AS FOLLOWS:** The following emails are privileged Philips Production 0004173, 0004176-0004177, 0004196, 0004217, 0005479, 0004202-0004206, 004207-0004212,

000513-0005316, 0005317-0005321, 0004661-0004664, 0005305, 0005463-0005465, and 0005522-0005525.

**IT IS GRANTED AS FOLLOWS:**   The following emails are not privileged 00047185, 0004187, 0005053, 0004199-0004201, 0005571, 0004625, 004627, 0005080, 0004665-0004670, 0004685-0004764, 0004780, 0004807-0004811, 0005014, 0005044, 0005211-0005216, 0005217-0005221, 0005222-0005224, 0005225-0005226, 0005067-0005076, 0005393-0005394, 0005403-0005408, 0005448, 0005466, 0005571, 0005612-5617, 0006679, 0001668, 0007337-0007344, 0007396-0007397, 0007398-0007399, 0008172-0008173, 0008174-0008175, 0007921-0007923.

**IT IS FURTHER ORDERED** that the parties shall abide by the specific findings of the Court with respect to each Bates Identification range as discussed in the analysis section of the order.

**IT IS FURTHER ORDERED** that the non-privileged documents should be produced **no later than fifteen (15) days** from the signing of this order.

New Orleans, Louisiana, this 29th day of June 2018.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**