# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAZ, LLC | CIVIL ACTION |
| VERSUS | NO: 17-02882 |
| PHILIPS HEALTHCARE | SECTION: "F" (4) |

## ORDER

Before the Court is a **Motion to Quash Subpoena Issued to Philips' Employee Randy McLain (R. Doc. 123)** filed by the Defendant. The motion is opposed. R. Doc. 126. Also before the Court is the Defendant's **Ex Parte Motion for Leave to File Reply Memorandum in Support of their Motion to Quash the Subpoena to Philips' Employee Randy McLain (R. Doc. 129)**. Oral argument was heard on June 20, 2018.

### I. Background

The instant litigation arises from the purchase of allegedly faulty MRI equipment by the Plaintiffs, the Defendant manufacturer's allegedly shoddy installation and service of the MRI equipment, as well as the Defendant's alleged failure to provide the Plaintiffs with the hardware and software components that should have been delivered when the MRI equipment was installed. The Court has previously set forth in great detail the factual background of the claims, which are incorporated herein by reference. R. Docs. 90, 92.

The instant motion was filed by Defendant Philips Healthcare ("Philips") seeking to quash a subpoena sent to its employee, Randy McLain. R. Doc. 123. It argues McLain was a Philips employee throughout the events at issue in the litigation and gave a deposition on May 9, 2018. Subsequently, the Plaintiffs issued a subpoena to McLain seeking information related to his presence at the facility on January 12, 2015 and his request for a "ramp tool" on January 12 or 13, 2015. Philips argues that: (1) the Rule 45 subpoena was inappropriate for seeking this information

as Rule 34 was the appropriate means of discovery; (2) this is an attempt to circumvent Philips in order to obtain its documents; and (3) the subpoena requires an unreasonably short time to respond.

The motion is opposed. R. Doc. 126. Plaintiffs argue that during McLain's deposition he testified he was at the medical facility on January 12, 2012, observed that the MRI machine had moved, and a "ramp tool" could have been used to move the MRI back into place making the "quench" unnecessary. During the deposition he was asked to obtain documents that supported his testimony. Plaintiffs state that they received evidence McLain was not at the facility on January 12, but was there the next day and contacted Philips asking for documents supporting his deposition testimony. After not receiving the information requested Plaintiffs sent a Rule 45 subpoena, which was served on May 28, 2018, and had a return for June 8, 2018. Plaintiffs state that McLain likely had notice of the subpoena the day it was served on Philips prior to service on McLain. Plaintiffs also argue: (1) the Rule 45 subpoena is proper as McLain is not a party to the litigation, but instead just an employee; (2) the time to respond was reasonable; (3) and Philips has stated it has produced all documents in its possession, therefore, McLain would be the only other source of the information requested.

## II. Standard of Review

Federal Rule of Civil Procedure 45(d)(3) governs the quashing or modifying of subpoenas. The Court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The Court may also modify or quash a subpoena that requires the disclosure of a trade secret or an unretained expert's

opinion that does not describe specific occurrences in dispute and results from that expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B).

Subpoenas under Rule 45 may be served upon both party and non-parties. *Petit v. Heebe*, No. 15-3084, 2016 WL 1089351, at *2 (E.D. La. Mar. 21, 2016). However, in order to challenge the subpoena, the movant must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *see also Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May, 2, 2014).

Federal Rule of Civil Procedure 45(a)(4) requires that if a subpoena commands "the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

### III. Analysis

First, the issue of standing is not addressed in either the motion or opposition. The Defendant seeks to quash the subpoena, however, in order to challenge the subpoena, the movant

must: be in possession or control of the requested material; be the person to whom the subpoena is issued; or have a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it. McLain, the Philips employee, is not challenging the subpoena, rather it is Philips that is seeking to quash the subpoena.

The subpoena in question contains two requests. The first seeks any and all documents from Randy McLain's personal or Philips issued cellular phone, computer, calendar, mileage receipts, expense receipts, logs, airline travel receipts, and invoices that verify or support the testimony that he was present at Plaintiffs' facility in Metairie, Louisiana on January 12, 2015. R. Doc. 123-3.

The second request seeks all documents, as described above, that support his testimony that he placed an order for a ramp tool equipment and/or kits for repair of the Ingenia 3T MRI in question at the facility in Metairie, Louisiana within the period of January 12-13, 2015. *Id.*

First, the Court finds that Philips has standing to quash the instant subpoena. The language of the subpoena specifically requests McLain to produce documents and information contained on Philips's electronic devices. As such, the Plaintiffs are seeking Philips's information establishing a sufficient interest to provide standing for the motion.

Second, the Court finds that the requests of the subpoena are overbroad. The Plaintiffs seek to determine whether McLain was present at the service call on January 12, 2015 and whether he ordered a ramp tool. However, the requests seek mileage receipts, expense receipts, and credit card invoices, which is significantly more information than is necessary to to confirm or deny whether McLain was present on the specific date or whether he ordered the ramp tool.

The Court notes that Philips was made aware of this request pursuant to Rule 45's notice requirement. Philips also told the Court that the information and documents responsive would

ultimately be those of Philips and not McLain. Further, the Court notes that Philips could have provided the information requested of its employee in order to moot the subpoena. The parties should have been able to work through this dispute without the Court's intervention. In addition, the subpoena in question sought a vast swath of personal information from McLain such that it begins to encroach upon McLain's right to privacy.

In order to satisfy the requests of the Plaintiffs as well as address the identified overbreadth, the Court orders that Philips shall provide the Plaintiff with airline receipts, the one day of phone call entries to the degree they relate to McLain's visit to the medical facility on January 12, 2015,[1] and any sort of documentation or requisition form that indicates that the ramp tool was requested during the dates of January 12 and 13, 2015. Therefore, the motion to quash the subpoena is denied with respect to the production of McLain's company documents as Philips shall produce the information on McLain's behalf.

With respect to the remainder of the subpoena involving McLain's personal information, that portion of the motion to quash is granted.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Defendant's **Ex Parte Motion for Leave to File Reply Memorandum in Support to their Motion to Quash the Subpoena to Philips' Employee Randy McLain (R. Doc. 129)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant's **Motion to Quash the Subpoena Issued to Philips' Employee Randy McLain (R. Doc. 123)** is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] To the extent the phone entries reflect calls to family members or is personal in nature that information should be redacted.

The motion is **GRANTED** to the extent that the subpoena seeks the personal information of Randy McLain or information beyond what is ordered by the Court.

The motion is **DENIED** to the extent that Philips shall and is ordered to produce airline receipts, the one day of phone call entries to the degree they relate to McLain's visit to the medical facility on January 12, 2015, and any sort of documentation or requisition form that indicates that the ramp tool was requested during the dates of January 12 and 13, 2015 **no later than twenty-one (21) days** from the signing of this order.

New Orleans, Louisiana, this 29th day of June 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**