UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAZ, LLC and ADVANCED NEURODIAGNOSTIC CENTER, INC. | CIVIL ACTION |
| VERSUS | NO:   17-02882 |
| PHILIPS HEALTHCARE, A DIVISION OF PHILIPS ELECTRONICS NORTH AMERICA CORPORATION | SECTION: "M" (4) |

**ORDER**

Before the Court is a Plaintiffs, NAZ, LLC ("NAZ") and NeuroDiagnostic Center, Inc. ("AdNeuro") **Motion to Compel Defendant's Training, Guideline and Protocol Materials** ( Rec doc. 218) and a **Motion to Compel or Strike Exhibits (Rec. Doc. 223)** filed by the Defendant, Phillips Healthcare. Phillips seeks an order compelling Plaintiffs ("NAZ") to provide adequate responses to Interrogatory No. 1, and Requests for Production Nos. 41 and 3 regarding damages and supporting documents. Alternatively, Phillips seeking an order striking the Trial Exhibits it maintains correlate to the unanswered discovery:  Trial Exhibit 54, 55, 67, and 69. The Motions are opposed. Rec. Doc. 225 and 226. The motion compelling or striking exhibits was heard with oral argument on November 28, 2018 and the motion compelling training guidelines was heard on the briefs.

**I.     Background**

This breach of contract action arose from Phillips' sale of an allegedly defective MRI machine to the Plaintiffs, two entities ("NAZ") that comprise a neurology center in Metairie, Louisiana. Rec. Doc. 1. In sum, NAZ alleges that the MRI's defect required repairs which

restricted the use of the MRI and allowed for water to seep through the roof of the neurology center, causing damages. The key dispute in this matter as trial approaches is the extent of NAZ's damages, including lost profits and the cost to repair the building damage caused by the water leakage. NAZ maintains that the total building damage caused by the defective MRI is $1,219,336.56. NAZ has listed as Trial Exhibits a series of checks paid out to various entities, individuals, and "cash" to prove their damages. *See* Exhibits 54, 55, 67, and 69.

### A. Invoices and Documents related to Checks list as Exhibits.

Phillips filed the instant motion to compel the production of invoices corroborating the check's relevance to NAZ's damages claims, or for Exhibits 54, 55, 67, and 69 to be stricken. Rec. Doc. 223. Phillips contends that they previously propounded discovery seeking information concerning NAZ's damages arising from repairs purportedly made to the neurology center, including payments to any contractors. Rec. Doc. 223-1, pp. 2-3, Interrogatory No. 1 and Requests for Production Nos. 41 and 3. Phillips argues that NAZ never adequately responded to these discovery requests, instead provided only objections and irrelevant information that they maintain amounts to a "hide the ball" strategy. *Id.*, p. 1.

Phillips maintains that the key missing pieces for these Trial Exhibits are invoices that corroborate the checks to NAZ's building repairs, thus substantiating NAZ's claim for damages. Phillips contends that the invoices are necessary because they have ample reason to believe that the checks listed as Trial Exhibits are inaccurate, or totally unrelated to the repair of damages at the neurology center. Phillips argues that (1) they have subpoenaed information showing that NAZ has exaggerated by several thousand dollars at least one claim for damages; (2) the checks represent a sum of $178,764.06, which is only a fraction of the $1.2 million of building damages

claimed; (3) the summary spreadsheet of damages produced by NAZ covers nearly 6,000 square feet, an area significantly larger than the roughly 600 square feet that NAZ's own electrician testified at deposition was damaged. Finally, Phillips argues that NAZ has failed to produce invoices corroborating their claim for damages in its related case against its insurer. Rec. Doc. 223-1, pp. 4-5.

NAZ opposes the Motion, arguing that the repair work was performed by individuals and companies that had a prior working relationship with Dr. NAZ, and that no invoices were ever generated. Rec. Doc. 225. NAZ contends that they have fully complied with all discovery requests, and that they continue to search for any responsive documents. NAZ also argues that under Louisiana law it is permitted to prove its damages by oral testimony alone. *Jordan v. Travelers*, 245 So. 2d 151, 154-55 (La. 1971); *Khalimsky v. Liberty Mut. Fire Ins. Co.*, 2009 WL 982641 at *25-26 (E.D. La. April 13, 2009). NAZ contends that Phillips argument that the checks should be stricken due to relevance and a lack of invoices amounts to a credibility of evidence determination by the Court. NAZ maintains that under Louisiana law such credibility determinations are "soundly within the province of the fact finder." *State v. Scott*, 2015-0778 (La. App. 4 Cir. June 29, 2016) (quoting *State v. Brumfield*, 93-2404 (La. App. 4 Cir. June 15, 1994).

B. **Defendant's Training, Guideline and Protocol Materials**

Also before the Court is NAZ and AdNeuro's motion seeking an order compelling the defendant Philips to (1) produce documents and materials given to and/or used in the instruction and/or training of Philip's sales associates; (2) documentation reflecting Philips' business practices, guidelines and/or rules relating to the sale, contract negotiation, and/or execution; and

documentation of Philip's protocol to be followed when determining whether and/or when to quench and the process of quenching a MRI machine.

Philips opposes the motion contending that (1) the requests for its training records seeks information that is not relevant to the claim, (2) was intended to harass (there was never a Rule 37 conference relative to the quench and (3) the request for the "InCenter" Checklist is Moot.[1]

II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 33 allows a party to serve another party written interrogatories which, "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Rule 26(b)(1) provides that parties may obtain discovery regarding relevant information to any claim or defense as long as it is nonprivileged. Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Federal Rule of Civil Procedure ("Rule") 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: ... (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested

---

[1] The Court in reviewing motion finds that item No. 3 was not an issue in either of the pending motions.

under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

A motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

### III.     Analysis

#### A.  Training Guideline and Protocol

NAZ and AdNeuro ( collectively "NAZ")  seeks an order from the Court requiring Philips to produce  (RFP 52) (1) documents and materials given to and/or used in the instruction and/or training of Philips' sales associates; (2) documentation reflecting Philips' business practices, guidelines and/or rules relating to the sale, contract negotiation and/or execution ( RFP 57) and (3) documentation of Philips' protocol to follow when determining whether and/or when to quench and the process of quenching an MRI machine (RFP 31).

Philips opposes the motion contending that the training records are beyond the scope of the litigation because there is no allegation that its sales personnel were negligently trained.  Philips contends that the only sales issue before the Court regarding the quotes is whether he agreed to Revision 10 or Revision 12.  Philips contends that NAZ fails to demonstrate how the training records are relevant to whether Dr. Shamsnia, on behalf of the plaintiffs, agreed to a quote issued by Philips.

NAZ's position is that Dr. Shamsnias should have been specifically told about the particular items that were changed in the subsequent version of the contract.  Philips suggests that whether it true or not its requirements and standards for training is sales force is not relevant.

The Court disagrees with NAZ, the issues in the case do not remotely suggest that the Philips employees were ill trained. The Court in reaching its conclusion is mindful of the testimony of Mr. Henneberg, Philip's corporate representative, however even if such a policy existed, the issue is whether Dr. Shamsnia had a chance to read the proposed agreement, how long and if he made objections to the proposed terms. The Court therefore finds that a response to Request for Production No. 52 and 57 are **DENIED.**

### B. Compel Invoices or Strike Exhibits

Finally, NAZ contends that it is entitled to know the protocol to be used when an MRI machine will be quenched (RFP 32-33). It contends that this information is relevant because the Appendix B to the manual indicates that a procedure exists, and Appendix C contains a questionnaire regarding the magnet quench. Philips does not dispute relevancy but indicates that it believes that its witnesses adequately testified regarding quench information.

In reviewing the position of the Parties and the exhibit attachments Philips after objecting to producing documents regarding quenching referenced the Operator's Manual which referenced Appendix B to the manual that refers to the presence of a written manual on the topic. Considering that it appears there are additional documents regarding the magnet quench which were not provided, the Court finds that supplementation of its response to RFP 33 is warranted. Philips has 14 days to supplement its response to Request for Production 33.

Phillips argues that NAZ has not produced invoices to substantiate checks that NAZ has listed as Trial Exhibits for their damages. Phillips requests the Court to compel these invoices, or to strike the Trial Exhibits that include the unsubstantiated checks. NAZ also contends that the checks appear to be frivolous, with payments made out to "cash." Further, Phillips maintains the

summary spreadsheet of damages covering the entire neurology center, despite only a small part of it being damaged. Phillips opposes the motion.

Philips contends that while producing evidence of its repair costs was difficult many of the bills were paid in cash or otherwise were not documented and testimony can satisfy its obligation to establish damages. Second it contends that the law permits it to establish damages by oral testimony. Finally, NAZ contends that just because Philips is not satisfied with the level of evidence it has to support the proposed exhibits is not justification for excluding them from trial.

The Court after listening to argument from both counsel ordered NAZ (1) to filter out the expenses that are not directly due to the repair of the MRI machine, and (2) once identified NAZ counsel is directed to file a motion removing the documents from the Exhibit list that are not relevant to the claim regarding the repair of the MRI machine.

 **IT IS ORDERED** that the Plaintiff's **Motion to Compel Defendant's Training, Guideline and Protocol Materials (Rec. doc. 218) is GRANTED IN PART AND DENIED IN PART.**

> **It is GRANTED to the extent that** supplementation of Defendant's response to RFP 33 is warranted. Philips has 14 days to supplement its response to Request for Production 33.
>
> **IT IS DENIED to the extent** that motion seeking to compel a response to Request for Production No. 52 and 57.

**IT IS FURTHER ORDERED THAT THE Motion to Compel or strike Exhibits (Rec. doc. 223) is DENIED. IT IS ORDERED THAT:**

> NAZ shall:

    (1)    filter out the expenses that are not directly due to the repair of the MRI machine no later than December 10th, 2018 as agreed to by counsel in open court.

    (2) once identified NAZ counsel is directed to file a motion removing the documents from the Exhibit list that are not relevant to the claim regarding the repair of the MRI machine. Based upon NAZ's counsel's representation invoices supporting the checks do not exists.

**IT IS FURTHER ORDERED THAT** the Clerk of Court shall restrict public access to the Exhibit Attachment Rec. doc. 223, Exhibit 7 which consist of financial records.

New Orleans, Louisiana, this 27<u>th</u> day of December 2018.

*[signature]*

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**